# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

URIAH L. OLIVER,

    Petitioner,

    v.                                 **Case No. 25-CV-1983-SCD**

JARED HOY,

    Respondent.

## DECISION AND ORDER

Uriah Oliver challenges his 2022 Wisconsin convictions for disorderly conduct as an act of domestic abuse (repeater), resisting or obstructing an officer (two counts), felony bail jumping (three counts, repeater), and misdemeanor bail jumping (repeater). *See* Pet. 1, ECF No. 1. Oliver was sentenced to eighteen months' initial confinement and six months' extended supervision for resisting or obstructing an officer; time served for disorderly conduct; and two and three years' probation for the remaining offenses (consecutive to the custodial sentence and concurrent with each other). *See id.*

After the court found Oliver guilty at a bench trial, appointed appellate counsel filed a no-merit brief. *See* ECF No. 11-1 at 5. Oliver responded to the no-merit brief. *See* ECF No. 11-1 at 23. The Wisconsin Court of Appeals concluded that there was no arguable merit to any issue that could be raised on appeal. *See* ECF No. 11-1 at 30–31. Oliver appealed to the Supreme Court of Wisconsin, which denied review. *See* ECF No. 11-2. Oliver filed a petition for a writ of certiorari to the U.S. Supreme Court that remains pending. Pet. 2.

Oliver has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state convictions. The respondent has moved to dismiss the petition, arguing that Oliver's claims are procedurally barred from merit review. Because Oliver's claims are procedurally defaulted, I will grant the respondent's motion, deny Oliver's petition, and dismiss this action.

## BACKGROUND

In 2021, Oliver was released on bond in four Wisconsin cases with the condition that he would not commit further crimes while those cases were pending. *See* ECF No. 11-1 at 2. In May 2022, A.C., the mother of Oliver's child, called 911 from a Walmart bathroom reporting that she had had a verbal argument with her child's father and he had threatened to "put hands on her." *See* ECF No. 11-1 at 2–3. A.C. reported that the child's father was in the Walmart parking lot in an Infinity vehicle, but A.C. hung up when the dispatcher asked for Oliver's name. *Id.* at 3, 6.

Deputy Brooks responded to the 911 call and observed Oliver in a brown Infinity in the Walmart parking lot. *Id.* at 3. Oliver told Deputy Brooks that he had an argument with his girlfriend, A.C., and was going into Walmart to meet her. *See id.* Oliver asked why Deputy Brooks was talking to him and attempted to walk towards the store, and then towards the Infinity. *Id.* Deputy Brooks instructed Oliver to not get into the car, and some sort of physical altercation between Oliver and Brooks was underway when Deputy Wilson arrived. *See id.* Oliver ran into the Walmart with Deputies Brooks and Wilson in pursuit and yelling at Oliver to stop running or he would be tased. *Id.* at 4. When Oliver continued resisting, Deputy Wilson tased Oliver. *Id.* Oliver was handcuffed, arrested, and subsequently identified. *See id.*

Deputy Bischoff spoke to A.C., who reported additional context on the argument and that she feared for her safety because Oliver had been violent towards her in the past. *Id.* at 4–5.

Oliver requested a bench trial, which began in September 2022. *Id.* at 5. A.C. and deputies Wilson and Brooks testified. *Id.* at 5. Over defense's objection, the court admitted court records the State sought to use to establish that Oliver was out on bond when the Walmart incident occurred. *Id.* at 5, 12. The court found Oliver guilty of disorderly conduct as an act of domestic abuse; resisting or obstructing an officer; obstructing by providing a false name; and felony and misdemeanor bail jumping. *Id.* at 12. The court sentenced Oliver to 170 days (time served) on the disorderly conduct count; 18 months' initial confinement and 6 months' extended supervision on count 2 (the obstructing an officer count); 2 years' probation on the obstruction by providing a false name and misdemeanor bail jumping counts to run consecutively with count 2; and 3 years' probation on the felony bail jumping count to run concurrent with the other probation sentence but consecutive to count 2. *See id.* The trial court found Oliver not guilty on possessing marijuana and felony bail jumping. *Id.* at 5.

Appointed appellate counsel submitted a no-merit brief presenting three issues:

1. Did the court erroneously exercise its discretion in allowing in the certified court records?

2. Was there sufficient evidence to convict Mr. Oliver of the seven counts?

3. Did the trial court erroneously exercise its sentencing discretion?

*Id.* at 2. A sub-section of the sufficiency of the evidence analysis explained the standard for an investigative detention. That sub-section explained that the trial court found that Deputy Brooks had reasonable suspicion to detain Oliver based on the 911 call. *Id.* at 16–18. Therefore, Oliver's Fourth Amendment rights were not violated. *See id.*

Oliver responded to the no-merit report. Oliver argued that, first, the deputies violated his Fourth Amendment rights by detaining him before they had spoken to A.C. *Id.* at 24. Oliver asserted that "the call, alone, could not have supported reasonable suspicion." *Id.* at 26. Oliver's second argument seemed to raise a *Franks/Mann* claim that the criminal complaint relied on facts that were deliberately and intentionally made with reckless disregard for the truth, undermining probable cause. *See id.* at 27. Third, Oliver argued that his Sixth Amendment right to effective assistance of counsel was violated because trial counsel did not pursue Oliver's pro se motion to dismiss based on a lack of probable cause. *See id.* at 28. "Confrontation" does not appear in the no-merit brief or Oliver's response.

The court of appeals reviewed the record and found that the no-merit report sufficiently analyzed potential issues, and the court of appeals perceived no other nonfrivolous issue for appeal. *See id.* at 32. The court specifically addressed each of Oliver's response arguments and succinctly explained why they did not have merit. *See id.* at 32–34.

Oliver petitioned the Supreme Court of Wisconsin for review. *See* ECF No. 11-2 at 4. Oliver raised these issues:

> 1. Whether Petitioner's detention violated the Fourth Amendment and Wis. Stat. § 968.01(2), where law enforcement failed to corroborate an unverified tip and conducted no independent investigation prior to detainment.
>
> 2. Whether trial counsel rendered ineffective assistance by failing to challenge the unlawful detainment and to file a motion to dismiss based on insufficient probable cause.
>
> 3. Whether appellate counsel rendered ineffective assistance by failing to raise meritorious constitutional claims, including the ineffectiveness of trial counsel.
>
> 4. Whether the circuit court erred by failing to dismiss the case sua sponte when evidence at trial demonstrated the absence of probable cause.

*Id.* at 6–7. The Supreme Court of Wisconsin denied review. *Id.* at. 9. Oliver filed a petition for a writ of certiorari to the U.S. Supreme Court that remains pending. *See* Pet. 2.

Jared Hoy, the warden who has custody of Oliver, has moved to dismiss or stay the petition under the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 9 at 1. Oliver has submitted a brief opposing the motion. *See* ECF No. 13. And Hoy has filed a reply brief. *See* ECF No. 15.

## DISCUSSION

Oliver raises two potential grounds for relief in his petition. First, Oliver claims the law enforcement officers violated his Fourth Amendment rights by detaining him without reasonable suspicion. *See* Pet. 2. Second, Oliver claims the trial court violated his Sixth Amendment rights by admitting evidence and testimony without affording him an opportunity for confrontation and cross-examination. *See id.* at 3. Hoy has moved to dismiss the petition, arguing that both of these grounds are procedurally barred. *See* ECF No. 11. Hoy asserts that any claims that survive dismissal should be stayed while Oliver's petition to the Supreme Court remains pending. *See* ECF No. 11 at 5.

Federal habeas review is very limited for Fourth Amendment claims that already have been raised in state court. In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). The Seventh Circuit has interpreted *Stone* as barring federal habeas review of the merits of all Fourth Amendment claims if the petitioner has had a full and fair opportunity to litigate his claim in state court. *See, e.g.*, *Monroe v. Davis*, 712 F.3d 1106, 1112–13 (7th Cir. 2013); *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005).

A petitioner has received a full and fair opportunity if "(1) he clearly apprised the state court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." *Miranda*, 394 F.3d at 997 (citing *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992); *Cabrera v. Hinsley*, 324 F.3d 527, 531–32 (7th Cir. 2003); *Hampton v. Wyant*, 296 F.3d 560, 563–64 (7th Cir. 2002)). "The full and fair hearing requirement applies not only at the trial-court level in state court but also on direct review of the petitioner's conviction." *Id.* at 997 (citing *Stone*, 428 U.S. at 489).

Oliver argues that he did not receive a full and fair opportunity to litigate his Fourth Amendment claim because Oliver's trial counsel did not adopt Oliver's pro se motion to dismiss. The transcript of Oliver's bench trial is not in the record, so it's not clear *how* Oliver apprised the trial court of his Fourth Amendment claim. However, it is clear from the no-merit brief that the trial court *was* apprised of Oliver's Fourth Amendment claim. The no-merit brief quotes extensively from the trial court's determination that the officers had reasonable suspicion to detain Oliver based on the 911 call. *See* ECF No. 11-1 at 17–18. The trial court carefully analyzed the facts of the 911 call and Officer Brooks identifying Oliver as the person that the 911 caller was referring to. *See id.* The trial court concluded that "the officers were acting within their official capacity and with lawful authority as they were investigating whether a crime occurred based on the call that had been received from Ms. [C] through 9-1-1." *Id.* at 18. Based on the quotations from the no-merit brief, the trial court carefully and thoroughly analyzed the facts of Oliver's detention and applied the correct constitutional standard to those facts. Oliver had a full and fair opportunity to litigate his

Fourth Amendment claim with the trial court, even though his trial counsel did not adopt his pro se motion to dismiss.

The court of appeals was apprised of Oliver's Fourth Amendment claim based on the no-merit report's explanation of reasonable suspicion, and Oliver's response to the no-merit petition. The court of appeals was apprised of the factual circumstances of Oliver's claim and applied the correct constitutional standard to those facts. The court of appeals summarized: "Oliver's responses generally argue the criminal complaint mischaracterized certain of the victim's statements during the 9-1-1 call and that the responding police officers therefore lacked 'probable cause' to temporarily detain Oliver for questioning. Investigative stops are justified by reasonable suspicion, a lower standard than probable cause. *State v. Post*, 2007 WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634. Under the totality of the circumstances, any argument on appeal that the officers lacked reasonable suspicion to stop and question Oliver based on the victim's emergency call would lack arguable merit." *Id.* at 32. Accordingly, Oliver had a full and fair opportunity to litigate his Fourth Amendment claim with the court of appeals. In sum, *Stone* prevents me from reaching the merits of Oliver's Fourth Amendment claim.

Oliver's Sixth Amendment claim is also procedurally barred. Oliver framed this issue as a "denial of a fair bench trial and confrontation rights." ECF No. 1 at 3. Oliver outlined the supporting facts: "the trial court admitted evidence and testimony without affording full confrontation and meaningful cross-examination. The court relied on contested evidence without applying constitutionally required standards for reliability and credibility, resulting in an unfair bench trial." *See id.* Hoy asserts that this claim was not exhausted in state court, and Oliver did not respond to that argument.

To the extent Oliver challenges the trial court's evidentiary rulings, that claim is a matter of state law that is not cognizable on habeas review. The Supreme Court has repeatedly explained "that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[T]he admissibility of evidence in state courts is a matter of state law." *United States ex rel. Di Giacomo v. Franzen*, 680 F.2d 515, 517 (7th Cir. 1982). "[E]ven if there had been an error of Wisconsin law regarding the admission of evidence, it is not our role to correct it." *Morgan v. Krenke*, 232 F.3d 562, 567 (7th Cir. 2000). Here, to the extent Oliver takes issue with the trial court's evidentiary rulings, that's a state law issue not cognizable on habeas review.

To the extent Oliver alleges that the trial court's decision impacted his due process and confrontation clause rights, he did not fairly present that claim to the state courts. Evidentiary questions are only subject to federal review under § 2254 if the admission of evidence resulted in the "denial of fundamental fairness or the denial of a specific constitutional right." *United States ex rel. Di Giacomo v. Franzen*, 680 F.2d at 517 (citing *United States ex rel. Clark v. Fike*, 538 F.2d 750, 757 (7th Cir. 1976)). "Before seeking relief in federal court, a habeas petitioner must first give the State the opportunity to address and correct any alleged violation of his federal rights." *Brown v. Eplett*, 48 F.4th 543, 552 (7th Cir. 2022); *see also* 28 U.S.C. § 2254(b), (c). This means that the petitioner "must fairly present his federal claim through one complete round of review in state court, 'thereby alerting that court to the federal nature of the claim.'" *Brown*, 48 F.4th at 552 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

"Fair presentment . . . does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing

8

*Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001)). "In the absence of a state rule that specifically governs the presentment of a constitutional claim," courts consider four factors when assessing whether a habeas petitioner fairly presented his federal claim in state court:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citing *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 454 (7th Cir. 1984)). "If none of the four factors is present and the state has not otherwise signaled its satisfaction with the presentment of the federal claim, 'then this court will not consider the state courts to have had a fair opportunity to consider the claim.'" *Id.* at 327–28 (quoting *Moleterno v. Nelson*, 114 F.3d 629, 634 (7th Cir. 1997)).

None of the four fair-presentment factors are present here. The no-merit report, Oliver's response, and the court of appeals decision do not rely on federal cases engaging in a constitutional analysis of the confrontation clause or due process clause, or state cases applying a constitutional analysis to similar facts. The issue was not framed in state court to call to mind a confrontation clause right, nor did Oliver allege a pattern of facts, either in this petition or in state court, well within the mainstream of constitutional litigation. To the extent Oliver argues that the trial court's evidentiary ruling denied him fundamental fairness or a specific constitutional right, that claim was not fairly presented to the state courts. Oliver's Sixth Amendment claim is also procedurally barred from review on the merits.

9

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where a district court denies a habeas petition on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added). Here, no reasonable jurist would find it debatable whether Oliver procedurally defaulted the claims raised in his federal habeas petition. I will therefore deny a certificate of appealability.

**CONCLUSION**

In sum, federal merits review is foreclosed for both grounds for relief asserted in Oliver's petition for habeas relief. Accordingly, for all the foregoing reasons, the court **GRANTS** the respondent's motion to dismiss petition for writ of habeas corpus, ECF No. 9; **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody, ECF No. 1; and **DISMISSES** this action. The court also **DENIES** the petitioner a certificate of appealability. The clerk of court shall enter judgment denying the petition and dismissing this action.

**SO ORDERED** this 28th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

10